UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| BENJAMIN WELCH, JR., YANCY WELCH, and LESLIE RUSSELL WELCH, INDIVIDUALLY AND AS THE REPRESENTATIVES OF THE ESTATE OF BENJAMIN WELCH AND LINDA WELCH | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-3078-B |
| C & A TRANSPORT, LLC, JARMMAL PHILLIPS, AVERITT EXPRESS, INC., AND AMBER ISAACKS | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Benjamin Welch, Jr., Yancy Welch, and Leslie Russell Welch's Motion to Remand (Doc. 13). For the following reasons, the Court **GRANTS** the Motion to Remand.

## I.

## BACKGROUND

This removed case arises out of a motor-vehicle accident. Doc. 1, Defs.' Notice of Removal ¶ 1.1. According to their First Amended Petition, Benjamin Welch, Linda Welch, and Alice Little (collectively "Decedents") were traveling on the interstate when they were forced to slow as the truck in front of them—driven by Amber Isaacks and owned and operated by Averitt Express, Inc. (collectively "the Front Truck")—"unexpectedly slowed, almost coming to a stop on the highway."

- 1 -

Doc. 1, Ex. A-16, ¶¶ 10–11.

Decedents allege that then "suddenly," they were rear-ended by a truck driven by Jarmmal Phillips and owned and operated by C & A Transport, LLC (collectively "the Back Truck"). *Id.* The First Amended Petition further alleges that the Back Truck "was operating . . . at a dangerously high rate of speed immediately prior to the accident." *Id.* Everyone in the passenger car perished. *Id.* ¶ 12.

On October 17, 2018, Benjamin Welch, Jr., Yancy Welch, and Leslie Russell Welch (collectively "the Welches"), individually and as representatives of the estate of Benjamin Welch and Linda Welch, filed their Original Petition (Doc. 1, Ex. A-2) in state court against the Front Truck and the Back Truck. Doc. 1, Defs.' Notice of Removal, ¶ 1.2. The Welches bring claims against Amber Isaacks for negligence and negligence per se. Doc. 1, Ex. A-16, ¶¶ 17–20, 44–46. The Welches bring claims against Averitt Express, Inc. for: negligence; negligence per se; negligent hiring; negligent training; negligent supervision, retention, and monitoring; and negligent entrustment. *Id.*, ¶¶ 17–20, 44–54. The surviving heirs of Alice Little were added as intervening parties after the case was removed without the consent of the Front Truck. The Welches have filed a Motion to Remand on the grounds that the Front Truck did not consent to removal.

As discussed below, the crux of the Motion to Remand is whether the Front Truck is more than a nominal party and thus whether its consent to removal was necessary. This necessarily depends on whether Welches have alleged enough facts about the Front Truck to state a claim. And since the Original Petition was filed in state court, the various plaintiffs have provided three different descriptions of the events leading to the accident.

First, in their Original Petition, the Welches alleged that the Decedents were driving on the interstate "when traffic began to slow due to roadway construction." Doc. 1, Ex. A-2, ¶ 10.

"Decedents were traveling at a slow rate of speed due to the roadway conditions, and were behind [the Front Truck], when suddenly and without warning, the Decedents' vehicle was struck from the rear by [the Back Truck]." *Id.* "Immediately prior to the accident, [the Back Truck was operating] at a dangerously high rate of speed." *Id.* ¶ 11.

The second description of the accident came after the Front Truck filed a motion to dismiss in state court, when the Welches responded with the current Amended Petition, alleging that Decedents were forced to slow because the Front Truck "unexpectedly slowed, almost coming to a stop on the highway." Doc. 1, Ex. A-16, ¶ 11. The Back Truck then removed this case pursuant to 28 U.S.C. § 1441(a) on November 19, 2018, without the consent of the Front Truck. Doc. 1, Notice of Removal, ¶ 3.8.

Following the removal, the Front Truck filed a Rule 12(b)(6) Motion to Dismiss (Doc. 6), to which the Welches responded (Doc. 15). The Front Truck argues that the Welches have failed to state a claim against it. Doc. 7, Front Truck's Mot. to Dismiss, ¶¶ 1–7.

Meanwhile, Katie Gorman and Mattie Little (collectively "the Intervenors"), the surviving heirs of Alice Little, filed an unopposed Motion to Intervene (Doc. 8), which this Court granted. In their Amended Complaint,[1] the Intervenors describe events similar to the Welches' Original petition, alleging that Decedents' "vehicle was either stopped or was slowing due to preceding traffic" when the Back Truck rear-ended them. Doc. 12, Am. Compl. in Intervention, ¶ 8. Intervenors bring claims only against the Back Truck. *Id.* ¶¶ 6–7.

In response to removal, the Welches filed a Motion to Remand and subsequent briefing

---

[1] Before the Court ruled on the Motion to Intervene, Plaintiff–Intervenors amended their complaint to address the Back Truck's citizenship. *See* Doc. 12.

(Docs. 13 & 14). The Back Truck responded (Docs. 17 & 18), and incorporated the arguments made in the Front Truck's Motion to Dismiss. The Welches replied (Doc. 19). The parties do not dispute diversity of citizenship nor amount in controversy, but whether the Front Truck is a nominal party, and whether the Front Truck's consent was necessary for removal. The Court now considers the Welches' Motion to Remand.

## II.

## LEGAL STANDARD

*A.    Standard Governing Motions to Remand*

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action that falls within the original jurisdiction of the district courts. "When a civil action is removed solely under Section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 USC § 1446(b)(2)(A). "If one defendant refuses to consent, the removal is procedurally defective and the case should be remanded upon timely challenge by the plaintiff." *Couch v. Howard*, 2006 WL 1627916, at *1 (N.D. Tex. June 8, 2006) (citing *Doe v. Kerwood*, 969 F.3d 165, 167 (5th Cir. 1992). There are a few exceptions to this

unanimous consent rule, including when the non-consenting defendant is merely a nominal or formal party. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970).

"Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri–Cities*, 427 F.2d at 327) (alterations incorporated). This question is determined "on the facts of each case." *Tri-Cities*, 427 F.2d at 327.

Many district courts in this circuit have acknowledged that this inquiry is similar to an improper-joinder analysis.[2] *See, e.g., Schmelzer v. Nationstar Mortg., LLC*, 2016 WL 4368735, at *2 (E.D. Tex. Aug. 16, 2016); *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 572 (N.D. Tex. 2015) (collecting cases). Further, the Fifth Circuit has incorporated improper-joinder analysis into its nominal-party jurisprudence. For example, the Fifth Circuit cited an improper-joinder case, for its rule in *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, one of its seminal nominal-party cases. 925 F.2d 866, 871 (5th Cir. 1991) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Id.* at 871 (quoting *B., Inc.*, 663 F.2d at 549). Stated differently, a defendant is nominal if "there is no reasonable basis

---

[2]In this Circuit "there is no substantive difference between the two terms" improper joinder and fraudulent joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc) (stating a preference for the term "improper joinder" over "fraudulent joinder").

for the district court to predict that the plaintiff might be able to recover" against the defendant. *Smallwood*, 385 F.3d at 573. The Fifth Circuit confirmed in *Smallwood* that the "no possibility" and "no reasonable basis" standards are a distinction without a difference. *Id.*

A court assesses improper joinder either through a "Rule 12(b)(6)-type analysis," or—if "a plaintiff has stated a claim, but misstated or omitted discrete facts"—the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

B.  *Rule 12(b)(6)-Type Analysis*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. In examining the pleadings, the Court accepts "all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Stated differently, complaints that "have not nudged their claims across the line from conceivable to plausible" must be dismissed. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

With this in mind, the Court considers whether the Front Truck is a nominal party.

# III.

# ANALYSIS

A.  *Under Texas law, a front vehicle owes a duty of "careful, prudent driving" to a back vehicle.*

The Welches argue that the Front Truck is not a nominal party because the Welches have stated a viable cause of action against it for its role in causing the accident. Doc. 19, Welches' Reply to Remand, 1. Namely, the Welches allege that the Front Truck "owed Decedents a duty to drive 'in a careful, prudent manner.'" *Id.* at 3 (quoting *Duarte v. St. Paul Fire & Marine Ins. Co.*, 2016 WL 4257752, at *7 (W.D. Tex. Mar. 29, 2016)). The Back Truck argues that the Welches cannot recover from the Front Truck, so the Front Truck's consent was not necessary and therefore removal was procedurally proper. Doc. 18, Back Truck's Resp. to Remand, 1.

The Welches rely predominately on two cases to show they have a viable claim against the Front Truck. Doc. 19, Welches' Reply to Remand, 2–3 (citing *Duarte*, 2016 WL 4257752 at *7, and *Owens v. Rogers*, 446 S.W.2d 865, 866 (Tex. 1969)). In *Duarte*,[3] the court was responding to the defendants' argument that the front driver did not owe the rear driver a duty as a matter of law. 2016 WL 4257752 at *5. Citing several Texas cases, including *Owens*, the federal district court acknowledged that a front driver owes a duty of "careful, prudent driving" to a rear vehicle. *Id.* at *7. In *Owens*,[4] a jury found that the driver of a front vehicle was negligent in three respects: "Slowing

---

[3] In *Duarte*, defendants' vehicle "had just re-entered the highway after stopping at a rest stop, and was driving between forty to fifty miles per hour at the time of the collision—at least thirty miles per hour below the speed limit." *Duarte*, 2016 WL 4257752, at *2. The plaintiff's vehicle was driving in the right-hand lane and rear-ended defendants' vehicle. *Id.*

[4] In *Owens*, the defendant was in the left-hand lane passing a vehicle in the right-hand lane. *Owens*, 446 S.W.2d at 865. After the defendant turned to check his blind spot, he realized he was quickly overtaking the plaintiff's vehicle in the left-hand lane. *Id.* at 865–66. The defendant attempted to pull into the right-hand lane, but rear-ended plaintiff's vehicle in the process. *Id.* at 866.

her automobile without giving a visible signal of her intention to slow down, operating her automobile at such a slow speed as to impede the normal and reasonable movement of traffic and failing to keep a proper lookout." 446 S.W.2d at 866. After an appeals court reversed, the Texas Supreme Court affirmed the trial court's judgment, holding that a preceding vehicle can be liable for negligence. *Id.* Eight years after *Owens*, the Texas Supreme Court reaffirmed this opinion, holding that "[o]ne may be guilty of contributory negligence in a rear-end collision case by driving too slowly." *Sw. Bell Tel. Co. v. Thomas*, 554 S.W.2d 672, 674 (Tex. 1977). This Court agrees that it is a correct statement of Texas law that a front vehicle can breach a duty of care to a back vehicle.

B.  *The removing party has not met its burden to show that the Welches have "no possibility" or "no reasonable basis" of recovering against the Front Truck.*

Here, the Court examines the Welches' Amended Petition and finds that although it is sparsely worded, the Back Truck, as the removing party, has not met its burden to show that there is no possibility of recovery against the Front Truck. In other words, a preceding vehicle that "unexpectedly slows," like the Front Truck is alleged to have done, may have breached its duty of care to the following vehicle under Texas law and thus may be potentially liable in negligence. This by no means implies that the Welches will actually be able to recover from the Front Truck—the Intervenor's Complaint and the evidence alluded to in the Front Truck's Motion to Dismiss suggest that the Welches may have an uphill battle with their claims. *See, e.g.,* Doc. 7, Front Truck's Mot. to Dismiss, ¶ 3. But a removing defendant has a heavy burden to show improper joinder, and the Court is cognizant of the fact that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82.

Furthermore, this is not one of those rare cases in which it is appropriate to proceed to the

her automobile without giving a visible signal of her intention to slow down, operating her automobile at such a slow speed as to impede the normal and reasonable movement of traffic and failing to keep a proper lookout." 446 S.W.2d at 866. After an appeals court reversed, the Texas Supreme Court affirmed the trial court's judgment, holding that a preceding vehicle can be liable for negligence. *Id.* Eight years after *Owens*, the Texas Supreme Court reaffirmed this opinion, holding that "[o]ne may be guilty of contributory negligence in a rear-end collision case by driving too slowly." *Sw. Bell Tel. Co. v. Thomas*, 554 S.W.2d 672, 674 (Tex. 1977). This Court agrees that it is a correct statement of Texas law that a front vehicle can breach a duty of care to a back vehicle.

B.  *The removing party has not met its burden to show that the Welches have "no possibility" or "no reasonable basis" of recovering against the Front Truck.*

Here, the Court examines the Welches' Amended Petition and finds that although it is sparsely worded, the Back Truck, as the removing party, has not met its burden to show that there is no possibility of recovery against the Front Truck. In other words, a preceding vehicle that "unexpectedly slows," like the Front Truck is alleged to have done, may have breached its duty of care to the following vehicle under Texas law and thus may be potentially liable in negligence. This by no means implies that the Welches will actually be able to recover from the Front Truck—the Intervenor's Complaint and the evidence alluded to in the Front Truck's Motion to Dismiss suggest that the Welches may have an uphill battle with their claims. *See, e.g.,* Doc. 7, Front Truck's Mot. to Dismiss, ¶ 3. But a removing defendant has a heavy burden to show improper joinder, and the Court is cognizant of the fact that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82.

Furthermore, this is not one of those rare cases in which it is appropriate to proceed to the

second step in *Smallwood* and pierce the pleadings. *See Smallwood*, 385 F.3d at 573 (describing such cases that warrant analysis under the second prong as "few in number"). To pierce the pleadings and determine whether the Welches could recover against the Front Truck for breaching its duty of care would carry "a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits[.]" *Id.* at 574. The Court would need to take evidence on the traffic conditions as a whole, and the actions of the drivers, and it would be unlikely to easily identify "'discrete and undisputed facts that would preclude plaintiff[s'] recovery[.]" *Id.* at 573.

Accordingly, this Court holds that the Back Truck has failed in its burden to show that the Front Truck is a nominal party. Therefore it was improper for this case to be removed without the consent of all defendants, and the Court **GRANTS** the Welches' Motion to Remand (Doc. 13).

## IV.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Benjamin Welch, Jr., Yancy Welch, and Leslie Russell Welch's Motion to Remand (Doc. 13) and **REMANDS** this case to the 86th Judicial District Court of Kaufman County, Texas, with each party to bear its own costs. All pending motions are denied and all deadlines are terminated.

SO ORDERED.

DATED: March 27, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE